UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAPA CHEF, INC.,

    Plaintiff,

Case No. 11-11007
Hon. Lawrence P. Zatkoff

v.

PENN-STAR INSURANCE CO.,

    Defendant.
    _____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 5, 2011

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion to Consolidate [dkt 12]. Plaintiff has filed a Response in Opposition to this Motion [dkt 13]. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be decided on the briefs submitted. For the following reasons, Defendant's Motion is DENIED.

**II. BACKGROUND**

Plaintiff Papa Chef, Inc. ("PCI") is a Michigan corporation operated by Angela Suleiman ("Suleiman"), with its registered office located at 42330 Sable, in Sterling Heights, Michigan. PCI owned a restaurant located at 3639 East 9 Mile Road in Warren, Michigan ("Warren Location").

The Warren Location was insured against commercial perils by Defendant Penn-Star Insurance Co. ("Penn-Star"), a foreign corporation. On June 7, 2009, the Warren Location was damaged by a fire and on June 11, 2009, PCI filed with Penn-Star an insurance claim for losses due to that fire. Penn-Star denied the claim on March 12, 2010. PCI subsequently filed the instant case in this Court, claiming breach of contract against Penn-Star.

PCI has previously conducted business under a different name—"Wingz & Things I" ("WTI"). Like PCI, WTI was operated by Suleiman with its registered office at 42330 Sable in Sterling Heights, Michigan. WTI owned a restaurant located at 3301 East 7 Mile Road in Detroit, Michigan ("Detroit Location"). The Detroit Location was also insured against commercial perils by Penn-Star under a policy separate from that of PCI. On December 23, 2008, the Detroit Location was damaged by a fire and on December 26, 2008, WTI filed an insurance claim with Penn-Star for damage caused by that fire. Penn-Star denied the claim on an undisclosed date. On March 14, 2011, WTI filed suit against Penn-Star in this Court, docketed as *Wingz & Things I v. Penn-Star Ins.*, Case No. 11-11006.

On April 13, 2011, Penn-Star filed the instant Motion, seeking to consolidate this case and *Wingz & Things I.*

### III. LEGAL STANDARD

The Court may, in the interest of judicial efficiency, consolidate cases if such cases involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a). The decision to consolidate cases involving the same factual or legal questions for trial is a matter within the discretion of the trial court. *Cantrell v. GAF Corp.*, 999 F.2d 1007 (6th Cir. 1993).

## IV.  ANALYSIS

Penn-Star argues that the instant case and *Wingz & Things* should be consolidated because common questions of law and fact dominate both cases.  Specifically, Defendant claims that both cases involve: fires at restaurants owned by a single corporation operated by Suleiman, restaurants that were insured by Penn-Star, and identical causes of action against Penn-Star.  While the Court acknowledges that the cases share certain similarities, consolidation is not justified or required simply because the actions include a common question of fact or law. *See Hasman v. GD Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich, 1985) 461.  Further, consolidation is inappropriate if individual issues predominate the cases. *Id.*

Here, each case involves a distinct insurance claim under a distinct policy.  Each claim arose out of a distinct fire.  Each fire occurred on a distinct date, under distinct circumstances.  As such, resolution of these cases will involve adjudication of individual issues unique to the respective cases: the origin of each fire, proofs of loss presented to Penn-Star, Penn-Star's grounds for denying the claims, whether these grounds were legitimate, and any applicable damage amounts. Thus, by consolidating the cases, judicial efficiency would be outweighed by the likelihood of confusion and prejudice, since these unique details in each case would still need to be presented to the jury. *Id.* at 460.  For these reasons, the Court finds that consolidation is inappropriate.

For the reasons set forth above, Defendant's Motion to Consolidate [dkt 12] is DENIED.

IT IS SO ORDERED.

                               S/Lawrence P. Zatkoff
                               LAWRENCE P. ZATKOFF
                               UNITED STATES DISTRICT JUDGE

Dated: October 5, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 5, 2011.

                               S/Marie E. Verlinde
                               Case Manager
                               (810) 984-3290